**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| PETER WILSON, individually and on behalf of others similarly situated, | |
| Plaintiff, | |
| v. | Case No.: 1:26-cv-00054 |
| MODERNIZE, INC., | |
| Defendant. | |

**DEFENDANT MODERNIZE, INC.'S MOTION TO DISMISS
AND/OR STRIKE PLAINTIFF'S CLASS ACTION ALLEGATIONS**

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION .................................................................................................................. 1

BACKGROUND .................................................................................................................. 2

    I.     THE PARTIES .................................................................................................. 2

    II.    PLAINTIFF'S RELEVANT ALLEGATIONS ................................................. 3

    III.   DEFENDANT'S INVESTIGATION ................................................................. 5

LEGAL STANDARDS ........................................................................................................ 6

ARGUMENT ....................................................................................................................... 8

    I.     PLAINTIFF'S CLASS ALLEGATIONS SHOULD BE DISMISSED. ............... 8

         a.     Plaintiff's Class Allegations Should Be Dismissed Under Rules
              12(f) and 23 Because Individualized Issues Defeat the
              Predominance Requirement of Rule 23(b). ................................................. 8

                 i.     National Do-Not-Call Registry Class .......................................... 10

                 ii.    Internal Do-Not-Call Class ........................................................... 12

         b.     Plaintiff's Class Allegations Should Be Dismissed Because He
              Cannot Satisfy the Adequacy and Typicality Requirements of Rule
              23(a). ............................................................................................................ 13

    II.    PLAINTIFF'S THIRD CAUSE OF ACTION SHOULD BE DISMISSED
           AS THERE IS NO PRIVATE RIGHT OF ACTION FOR ALLEGED
           VIOLATIONS OF 47 C.F.R. SECTION 64.1601(E) ....................................... 15

CONCLUSION ................................................................................................................... 17

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### Cases

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)................................................................................8

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)................................................................................8

*Braidwood Mgmt., Inc. v. EEOC,*
    70 F.4th 914 (5th Cir. 2023)................................................................6, 7

*Cholly v. Uptain Grp., Inc.,*
    2017 WL 449176 (N.D. Ill. Feb. 1, 2017) ............................................9

*Comcast Corp. v. Behrend,*
    569 U.S. 27 (2013)..................................................................................6

*Cunningham v. Air Voice, Inc.,*
    2020 WL 9936139 (E.D. Tex. Feb. 14, 2020) .....................................12

*Dobronski v. Tobias & Assocs.,*
    2023 WL 7005844 (E.D. Mich. Sept. 25, 2023)..................................16

*Dobronski v. Transamerica Life Ins. Co.,*
    347 Mich. App. 92 (2023)....................................................................16

*Dorfman v. Albertson's LLC,*
    2020 WL 86192 (D. Idaho Jan. 7, 2020) ..............................................9

*Elson v. Black,*
    56 F.4th 1002 (5th Cir. 2023) ...............................................................7

*Ford v. Nylcare Health Plans of Gulf Coast, Inc.,*
    190 F.R.D. 422 (S.D. Tex. 1999)...........................................................6

*Gen. Tel. Co. of S.W. v. Falcon,*
    457 U.S. 147 (1982)...............................................................................7

*Gene and Gene LLC v. BioPay LLC,*
    541 F.3d 318 (5th Cir. 2008) .................................................................8

*Gordon v. Sig Sauer, Inc.,*
    2019 WL 4572799 (S.D. Tex. Sept. 20, 2019) .....................................6

*Hancock v. Chi. Title Ins. Co.*,
  263 F.R.D 383 (N.D. Tex. 2009) .......................................................................13

*Heinze v. Tesco Corp.*,
  971 F.3d 475 (5th Cir. 2020) ............................................................................8

*Hirsch v. USHealth Advisors, LLC*,
  337 F.R.D. 118 (N.D. Texas 2020).......................................................9, 11, 13, 14

*John v. Nat'l Sec. Fire and Cas. Co.*,
  501 F.3d 443 (5th Cir. 2007) ............................................................................7

*Lee v. Samsung Elecs. Am., Inc.*,
  No. 4:21-cv-1321, 2022 WL 4663878 (S.D. Tex. Sept. 21, 2022)...........................7

*Lindsay Transmission, LLC v. Office Depot, Inc.*,
  2013 WL 275568 (E.D. Mo. Jan. 24, 2013) ......................................................9, 10

*LUCAS HORTON, Plaintiff, v. MOLINA HEALTHCARE OF TEXAS, INC., et al.,
  Defendants.*,
  2026 WL 490216 (N.D. Tex. Feb. 6, 2026)..........................................................12

*McDermet v. DirecTV, LLC*,
  2021 WL 217336 (D. Mass. Jan. 21, 2021) .........................................................16

*Meyer v. Cap. All. Grp.*,
  2017 WL 5138316 (S.D. Cal. Nov. 6, 2017) ........................................................16

*Payne v. Sieva Networks, Inc.*,
  347 F.R.D. 224 (N.D. Cal. 2024)........................................................................11

*Rombough v. Robert D. Smith Ins. Agency, Inc.*,
  2022 WL 2713278 (N.D. Iowa June 9, 2022)........................................................11

*In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of
  1991*,
  Report and Order, 7 F.C.C. Rcd. 8752 (1992) ......................................................15

*Rules and Regulations Implementing the Telephone Consumer Protection Act
  (TCPA) of 1991*,
  68 FR 44144- 01, CG Docket No. 02-278, FCC 03-153, 2003 WL 21713245 ......................15

*Sorsby v. TruGreen Ltd. P'ship*,
  2023 WL 130505 (N.D. Ill. Jan. 9, 2023) .............................................................9

*Steering Comm. v. Exxon Mobil Corp.*,
  461 F.3d 598 (5th Cir. 2006) ........................................................................9, 10

iii

*Stirman v. Exxon Corp.*,
   280 F.3d 554 (5th Cir. 2002) ................................................................................14

*Stokes v. CitiMortgage, Inc.*,
   2015 WL 709201 (C.D. Cal. Jan. 16, 2015) .........................................................8

*Worsham v. Travel Options, Inc.*,
   2016 WL 4592373 (D. Md. Sept. 2, 2016) .........................................................16

## Statutes

47 U.S.C. § 227(c)(1) ........................................................................................15

47 U.S.C. § 227(c)(2) ........................................................................................15

47 U.S.C. § 227(c)(5) ............................................................................. *passim*

## Other Authorities

47 C.F.R. § 64.1200(c) ........................................................................................4

47 C.F.R. § 64.1200(c)(2) ...........................................................................10, 11

47 C.F.R. §§ 64.1200(f)(15) ...........................................................................10

47 C.F.R. § 64.1200(d) ....................................................................................4, 12

47 C.F.R. § 64.1601(e) ............................................................................2, 15, 16

47 C.F.R. § 64.1601(e)(1) ...................................................................................4

Defendant Modernize, Inc. ("Defendant" or "Modernize"), by and through its undersigned attorneys, respectfully submits this Motion to Dismiss and/or Strike Plaintiff's Class Action Allegations from the Complaint (ECF No. 1, "Complaint") in the above-captioned action pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(f), and/or 23.

## **INTRODUCTION**

When a claim's unsuitability for class treatment is apparent at the pleading stage, courts in this Circuit have not hesitated to dismiss or strike class action allegations. This Court should do so here, because the unique circumstances underlying Plaintiff's claims, as well as the infirmities of the putative class definitions pled in the Complaint, render this case incapable of class certification.

Plaintiff's Complaint concerns calls that Modernize allegedly placed to his telephone number ending in -0982 (the "0982 Number") in November and December 2025 concerning a request for solar energy quotes. Plaintiff alleges that these calls violated the Telephone Consumer Protection Act ("TCPA") and its implementing regulations because: (1) they were made without his permission, to a number registered on the National Do-Not-Call Registry; (2) Modernize allegedly continued to call Plaintiff after he requested that Modernize stop calling; and, (3) Modernize allegedly failed to display compliant Caller ID information.

Modernize does not place calls without permission. Modernize's records show that, on October 3, 2025, Plaintiff (or someone acting on his behalf) requested information about solar products and services by completing an online web form (from a location in Lakewood, Ohio, where Plaintiff resides) and consented to receive calls from Modernize on the 0982 Number. Modernize's records also show that it placed just two calls to Plaintiff's phone number—not three, as alleged in the Complaint—and that Plaintiff made no request that Modernize stop calling until

the second (and final) call that Modernize placed. The 0982 Number was promptly added to Modernize's internal do-not-call list, and no further calls were made. These same records, and the allegations in the Complaint, also demonstrate that Plaintiff was capable of identifying Modernize as the caller.  Plaintiff's counsel has indicated that Plaintiff intends to dispute these facts. But whether Plaintiff can overcome this evidence will depend on individualized facts that are unique to him, including, among other things, whether or not he (or someone on his behalf) completed the web form at issue or otherwise submitted an inquiry, and whether he revoked permission to call. Numerous courts have held, in circumstances like the ones presented here, that these types of individualized issues in TCPA cases render them incapable of satisfying Rule 23's predominance requirement. And, Plaintiff's unique experience and alleged disagreement with Modernize's records makes him unable to satisfy the typicality and commonality requirements of Rule 23(a). For these reasons, the Court should strike Plaintiff's class allegations.

In addition to striking Plaintiff's class allegations, the Court should also dismiss the third cause of action for alleged violations of the Caller ID requirements under FCC regulations, 47 C.F.R. § 64.1601(e). There is no private right of action for the FCC regulations governing Caller ID requirements.

## BACKGROUND

## I.    THE PARTIES

Plaintiff is an individual who resides in Ohio. *See* ECF No. 1, ¶ 6. Modernize is a subsidiary of QuinStreet; as a company, QuinStreet matches customers with product and service providers in various verticals, such as insurance, personal loans, and home improvement services. *See* Declaration of Gregg Hicks ("Hicks Decl."), ¶ 4. Modernize focuses on matching customers with

service providers that relate specifically to home improvement needs, such as window replacement, AC/heating installation, roof repair, and solar panel installation. *Id.*, ¶ 4.

Modernize identifies and interacts with its customers and potential customers by a number of different means, including by telephone. *Id.*, ¶ 5. While Modernize reaches out to prospective customers by telephone, it only does so with respect to persons who have specifically inquired about products and services and provided express written permission to be contacted by Modernize on a specific phone number. *Id.* One way that such persons indicate their interest and provide their permission to be contacted by Modernize is by completing a web form, either directly through one of Modernize's websites or through a third-party website. *Id.*

## II.    PLAINTIFF'S RELEVANT ALLEGATIONS

In pertinent part, Plaintiff alleges his "telephone number, 216-XXX-XXXX, is a "residential telephone line" which "has been listed on the National Do-Not-Call Registry since he personally registered it there in or about 2007." ECF No. 1, ¶¶ 25, 28. He alleges that he has "never been a customer of Defendant" and "never consented to receive telemarketing calls from Defendant." *Id.*, ¶¶ 29-30. Plaintiff alleges that he "received multiple telemarketing calls from Defendant in November and December 2025 from the same caller ID, 216-250-4281," which were "placed to market home improvement services." *Id.*, ¶¶ 31-32. The caller identified herself as "Ray" and as a representative for Modernize. *Id.*, ¶¶ 33, 36, 39. Plaintiff purportedly received calls from Modernize on November 3, November 5, and December 3, 2025. *Id.*, ¶¶ 34, 36, 37. During the first call on November 3, Plaintiff claims to have told the caller not to call again. *Id.*, ¶ 34. Plaintiff alleges that on the December 3 call he made another request to not be called again. *Id.*, ¶ 38. During this same call, Plaintiff alleges that "Ray confirmed information verifying Defendant's company identity, including the company's headquarters location and website." *Id.*, ¶ 39. Plaintiff

3

claims that after the December 3 call, "Defendant continued to place telemarketing calls to Plaintiff's telephone number." *Id.*, ¶ 41.

Plaintiff alleges that all of the alleged calls came from the same phone number— (216) 250-4281—and that his counsel attempted to "ascertain the CNAM information," which provided carrier and geographic information. *Id.*, ¶ 42. Plaintiff alleges that when calling this number back, "Modernize Home Services" was identified and Plaintiff was prompted to enter the phone number he submitted with his initial inquiry. *Id.*, ¶ 45. Plaintiff claims he was unable to enter his phone number because "he did not submit anything." *Id.*, ¶ 46.

Based on these allegations, Plaintiff asserts three purported claims under the TCPA: (1) violation of the National Do-Not-Call Registry provision, 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c); (2) violation of the Internal Do-Not-Call provision (47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d); and (3) violation of the Caller ID regulations, 47 C.F.R. § 64.1601(e)(1). *Id.*, ¶¶ 75-90.

Plaintiff proposes to represent three Putative Classes defined as:

**National Do Not Call Registry Class:** All persons in the United States whose, (1) telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telemarketing call or text message from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior to the filing of the Complaint.

**Internal Do Not Call Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) (2) but who received a telemarketing call from or on behalf of Defendant promoting Defendant's goods or services, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

**Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) which either (a) did not transmit caller identification information that included either CPN or ANI and the Defendant's or telemarketer's name, (b) did not transmit a valid CPN or ANI at all, or

4

(c) transmitted a CPN or ANI that would not have allowed an individual to make a do not call request to Defendant during regular business hours, (4) within the four years prior to the filing of the Complaint.

*Id.*, ¶ 62.

## III.   **DEFENDANT'S INVESTIGATION**

Modernize's records reflect that on October 3, 2025, Plaintiff, or someone acting on his behalf, visited Modernize's website, https://modernize.com/quote/solar/ (the "Website") and completed a multi-page web form (the "Web Form") to receive information in connection with a request for solar energy quotes. Hicks Decl., ¶¶ 6, 8. The Web Form was populated with Plaintiff's name, Peter Wilson, a telephone number ending in -0982 (the "0982 Number"), which corresponds with the telephone number confirmed by Plaintiff's counsel to belong to the Plaintiff, a home address in Lakewood, Ohio, and other personal information. *Id.*, ¶ 9. The IP address associated with the webform submission points to a computer or device located in Lakewood, Ohio, which matches the city and state information submitted by Plaintiff on the Web Form. *Id.*, ¶ 9.

In navigating through each step of the Web Form, Plaintiff actively clicked through the Web Form's prompts to continue the process to get to the next page. The last page of the Web Form including the following language, immediately below an orange button to submit his information and "COMPARE PRICES," confirming that Plaintiff agreed to be contacted at the 0982 Number regarding his inquiry:

> By submitting, you authorize Modernize and up to <u>four home improvement companies</u>, to make marketing calls and texts to the phone number provided to discuss your home improvement project. You understand some may use auto-dialers, SMS messages, artificial and prerecorded voice messages to contact you. There is no requirement to purchase services. Please see our <u>Privacy Notice</u> and <u>Terms of Use</u>.

*Id.*, ¶ 10. Following the Web Form submission, Modernize contacted Plaintiff on November 3, 2025 on the 0982 Number in response to his inquiry about solar quotes. *Id.*, ¶ 11. Plaintiff answered

the call, was asked whether he had already received an estimate for solar panels, and responded that he had not. *Id.*, ¶ 11, Ex. A. Plaintiff then asked for information about Modernize and hung up. *Id.*, ¶ 11, Ex. A.

Modernize called Plaintiff a second time on December 3, 2025 on the 0982 number. *Id.*, ¶ 12. During this second call, Plaintiff asked where the caller was from and asked to not be called again. *Id.*, ¶ 12, Ex. B.

Upon Plaintiff's do-not-call request during the second call on December 3, 2025, Modernize promptly added Plaintiff to its Internal Do-Not-Call list and did not place any further calls to the 0982 number. *Id.*, ¶ 13. In all, Modernize only placed two calls to the 0982 number—the November 3 and December 3, 2025 calls described above. *Id.*, ¶ 13.

## LEGAL STANDARDS

The class action device is an exception to the general rule that litigation must be prosecuted by the individually named parties only. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013); *Gordon v. Sig Sauer, Inc.*, 2019 WL 4572799, at *19 (S.D. Tex. Sept. 20, 2019). To proceed with this case on a class-wide basis, Plaintiff must satisfy the requirements of Federal Rule of Civil Procedure 23(a): numerosity, commonality, typicality, and adequacy of representation, for each of the proposed classes. *Braidwood Mgmt., Inc. v. EEOC*, 70 F.4th 914, 933 (5th Cir. 2023) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011)). Rule 23(a)(3) requires that the party seeking class certification prove typicality of their claims, "*i.e.*, that the claims arise from the same event, practice, or course of conduct that gives rise to the claims of other class members." *Ford v. Nylcare Health Plans of Gulf Coast, Inc.*, 190 F.R.D. 422, 425 (S.D. Tex. 1999). "Additionally, plaintiffs must show that their proposed classes satisfy at least one of the three requirements listed in Rule 23(b)," including that questions of law or fact common to class members predominate over

6

questions affecting only individual members. *Braidwood Mgmt.*, 70 F.4th at 933 (internal quotes omitted); Fed. R. Civ. P. 23.

Under Federal Rule of Civil Procedure 12(f), a district court may dismiss or strike from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Under Rule 23(d), the court may "require that the pleadings be amended to eliminate allegations about representation of absent persons . . . ." Fed. R. Civ. P. 23(d)(1)(D). Courts in this Circuit may dismiss or strike deficient class action allegations pursuant to Rule 12(b)(6), 12(f), and/or 23. *See John v. Nat'l Sec. Fire and Cas. Co.*, 501 F.3d 443, 444– 45 (5th Cir. 2007) (affirming dismissal of class action allegations pursuant to Rule 12(b)(6)); *Lee v. Samsung Elecs. Am., Inc.*, No. 4:21-cv-1321, 2022 WL 4663878, at *2 (S.D. Tex. Sept. 21, 2022), *report and recommendation adopted*, 2022 WL 7757471 (S.D. Tex. Oct. 12, 2022) (granting defendant's motion to strike class allegations pursuant to Rule 12(f) and Rule 23 and collecting cases). Class allegations may be dismissed or stricken "on the pleadings and before discovery is complete when it is apparent from the complaint that a class action cannot be maintained." *Elson v. Black*, 56 F.4th 1002, 1006 (5th Cir. 2023) (citing *John*, 501 F.3d at 445) (holding that a court may dismiss a class allegation "where it is facially apparent from the pleadings that there is no ascertainable class"); *see also Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 160 (1982) (finding that a court may strike class allegations when the issues are "plain enough from the pleadings."). Moreover, "[m]ere repetition of the language of Rule 23(a) is not sufficient. There must be an adequate statement of the basic facts to indicate that each requirement of the rule is fulfilled." *John*, 501 F.3d at 445, n.4 (quoting *In re Am. Med. Sys. Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996)). As set forth below, it is apparent at the pleading stage that Plaintiff will not be able to satisfy the requirements of Rule 23. This Court, therefore, should dismiss the class allegations.

Fed. R. Civ. P. 12(b)(6) mandates dismissal of a complaint that fails to state a claim for relief. To avoid dismissal, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. (quotation marks and citation omitted); *see also Twombly*, 550 U.S. at 570 (a plaintiff must allege facts that nudge their claims across the line from merely "conceivable" to "plausible"). While courts "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff," courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp*., 971 F.3d 475, 479 (5th Cir. 2020) (quotations omitted).

## ARGUMENT

### I.    PLAINTIFF'S CLASS ALLEGATIONS SHOULD BE DISMISSED.

#### a.    Plaintiff's Class Allegations Should Be Dismissed Under Rules 12(f) and 23 Because Individualized Issues Defeat the Predominance Requirement of Rule 23(b).

Courts have widely recognized that proposed class definitions in TCPA cases that would require individualized factual and legal inquiries are not certifiable on predominance grounds. *See, e.g., Gene and Gene LLC v. BioPay LLC*, 541 F.3d 318, 327 (5th Cir. 2008) ("[T]he predominant issue of fact [in TCPA cases] is undoubtedly one of individual consent") (emphasis in original). Courts also often strike class allegations at the pleadings stage and/or grant pre-discovery motions to deny certification, in TCPA cases and others, where individualized determinations are needed to determine class membership. *See, e.g., Stokes v. CitiMortgage, Inc*., 2015 WL 709201, at *4–6

(C.D. Cal. Jan. 16, 2015) (striking TCPA class allegations with prejudice that "require[d] individualized inquiries into each putative class member") *Lindsay Transmission, LLC v. Office Depot, Inc*., 2013 WL 275568, at *4-5 (E.D. Mo. Jan. 24, 2013); *Cholly v. Uptain Grp., Inc*., 2017 WL 449176, at *4 (N.D. Ill. Feb. 1, 2017); *Sorsby v. TruGreen Ltd. P'ship*, 2023 WL 130505, at *6 (N.D. Ill. Jan. 9, 2023); *Dorfman v. Albertson's LLC*, 2020 WL 86192, at *5 (D. Idaho Jan. 7, 2020).

All three of Plaintiff's proposed class definitions demonstrate that he cannot satisfy Rule 23(b)(3)'s predominance requirement. In addition to the four prerequisites to a class action set forth in Rule 23(a), a party seeking to proceed with a class action under Rule 23(b)(3) "must also demonstrate both (1) that questions common to the class members predominate over questions affecting only individual members, and (2) that class resolution is superior to alternative methods for adjudication of the controversy." *Steering Comm. v. Exxon Mobil Corp.*, 461 F.3d 598, 601 (5th Cir. 2006) (internal quotation marks omitted). The predominance inquiry—although similar to the commonality requirement of Rule 23(a)—is "far more demanding" because it "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.* at 601–02 (quoting *Unger v. Amedisys Inc.*, 401 F.3d 316, 320 (5th Cir. 2005)).

The predominance inquiry "requires the trial court to weigh common issues against individual ones and determine which category is likely to be the focus of a trial." *Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 134 (N.D. Texas 2020) (quoting *Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 253). An individual question, which can derail class certification, is "one where members of a proposed class will need to present evidence that varies from member to member, while a common question is one where the same evidence will suffice for each member to make a prima facie showing or the issue is susceptible to generalized, class-wide proof." *Id.*

9

(internal quotation marks omitted). Where individual issues predominate, it "detracts from the superiority of the class action device in resolving those claims." *Steering Comm.*, 461 F.3d at 604–05.

### i.    National Do-Not-Call Registry Class

As to Plaintiff's "National Do Not Call Registry Class," there are at least four issues for which individualized inquiries predominate: (1) whether the purported class member "consented" to be contacted; (2) "residential subscriber" status; (3) whether the purported class member was the subscriber of the phone number and personally registered it on the National Do-Not-Call Registry; and (4) whether the calls constitute "telephone solicitations."

First, while Plaintiff's proposed class does not directly use the word "consent," class membership turns on a class member's not having provided their telephone number to Defendant or having an established business relationship with Defendant. The National Do-Not-Call Registry provision only applies to "telephone solicitations." 47 U.S.C. § 227(c)(5). As defined, a call does not qualify as a "telephone solicitation" if (among other things) the person gave their "prior express invitation or permission"—i.e., their consent—to receive the call or had an "established business relationship" with the caller. 47 U.S.C. § 227(c)(5); 47 C.F.R. §§ 64.1200(c)(2), (f)(5), & (f)(15). How the putative class members may have "provided" their telephone number(s) or established a business relationship may differ from person to person. Whether, how, and when a person may have made an inquiry or conducted a transaction is a context-dependent issue that can vary greatly by individual, and would prevent calls from qualifying as "telephone solicitations" as required for a National Do-Not-Call Registry claim. 47 C.F.R. § 64.1200(c)(2). Ruling out these exemptions would require an individualized mini-trial for each class member to determine whether that particular class member has a claim or is subject to a recognized exemption. *See Lindsay*

*Transmission, LLC v. Office Depot, Inc.*, 2013 WL 275568, at *4-5 (E.D. Mo. Jan. 24, 2013) (holding "the absence of prior consent and the absence of a prior business relationship" are individualized issues precluding certification under Rule 23). Therefore, this is not a common question that can be resolved by generalized proof across the entire class in a single adjudication.

Plaintiff's own circumstances highlight this point. In his Complaint, Plaintiff claims that "[a]t no point did Plaintiff seek out, request, or solicit information regarding Defendant's goods or services prior to receiving the telemarketing calls at issue," was not a customer of Modernize, and that he did not consent to receiving telemarketing calls from Modernize. *See* ECF No. 1, ¶¶ 24, 29-30. However, Modernize's investigation into Plaintiff's allegations revealed that on October 3, 2025, Plaintiff's personal information—including first and last name, phone number, and physical address—was provided to Modernize via an online inquiry along with the provision of prior express written consent to call the 0982 Number. *See* Hicks Decl. ¶¶ 8-10.

Second, individualized inquiries are also required to determine whether each class member utilized their number for "residential" purposes—yet another key element of any Section 227(c) claim and of Plaintiff's proposed class definition. *See, e.g., Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 135 (N.D. Tex. 2020) (questions such as residential status "require 'evidence that varies from member to member'"); *Payne v. Sieva Networks, Inc*., 347 F.R.D. 224, 228 (N.D. Cal. 2024) (denying class certification without evidence where "[r]esolving each phone number's residential status requires a fact-intensive inquiry").

Third, a National Do-Not-Call Registry claim requires a "residential telephone subscriber who has registered his or her [own] telephone number" on the National Do-Not-Call Registry. 47 C.F.R. § 64.1200(c)(2) (emphasis added); *see also Rombough v. Robert D. Smith Ins. Agency, Inc*., 2022 WL 2713278, at *2-4 (N.D. Iowa June 9, 2022). Whether a purported class member was the

11

subscriber of the receiving phone number who personally registered the phone number to the National Do-Not-Call Registry is yet another individualized inquiry that would be required to determine eligibility for any particular class member to access this claim.

Fourth, whether calls received by a purported class member constituted "telemarketing" would also require individualized inquiries into the content of the calls. *See* ECF No. 1 ¶ 62.

### ii.    <u>Internal Do-Not-Call Class</u>

As to Plaintiff's "Internal Do Not Call Registry Class," individual inquiries would be required to determine residential subscriber status and whether the calls constituted a "telephone solicitation" or contained "telemarketing" content, as with the National Do-Not-Call Registry class discussed *supra*. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(d); *Cunningham v. Air Voice, Inc.*, 2020 WL 9936139, at *5 (E.D. Tex. Feb. 14, 2020). Additionally, individual inquiries would be required to determine whether a putative class member made a valid do-not-call request. *See Lucas Horton, Plaintiff, v. Molina Healthcare of Texas, Inc., et al., Defendants.*, 2026 WL 490216, at *10 (N.D. Tex. Feb. 6, 2026). Once again, Plaintiff's own circumstances highlight this point. While the Complaint alleges that Plaintiff told Modernize to stop calling the 0982 Number on November 3, 2025, the call recording for that call demonstrates that no such request was made until December 3, 2025 (at which point Modernize honored his request, and made no further calls). *See* ECF No. 1, ¶ 34; Hicks Decl., ¶¶ 11-12.

Even if the Court declines to dismiss Plaintiff's Caller ID claim under Rule 12(b)(6) for the reasons set forth below (it should not), the determination of whether a putative class member would fall within Plaintiff's "Telemarketing Caller ID Class" would require individual inquiries into what type of Caller ID information was displayed (CPN versus ANI versus none), what information would be provided when searching the CPN or ANI, and what information would be available

when calling the number back. Plaintiff's own allegations demonstrate why individualized inquiries would be required—Plaintiff provides the phone number from which the alleged calls were received and alleges that in both calls the caller identified themselves as from Modernize (ECF No. 1, ¶¶ 33, 39, 42), but individualized inquiries would be required to determine whether a valid CPN or ANI was transmitted, whether it was clear that they were from Modernize, or whether consumers could reach a Modernize representative when calling the number back and be capable of making a do-not-call request. Further, Plaintiff alleges that he called the number back and "Modernize Home Services" was identified; he was then prompted to enter the phone number he submitted with his initial inquiry. ECF No. 1, ¶ 45. Plaintiff claims he was unable to enter his phone number because "he did not submit anything" (ECF No. 1, ¶ 46)—whether a putative class member did enter their phone number and was able to make a do-not-call request on a callback is yet another individualized inquiry.

Because it is apparent from the face of Plaintiff's Complaint that hundreds of individualized inquiries (if not more) exist inherently within all three proposed classes, Plaintiff fails to satisfy the predominance requirement of Rule 23(b)(3). *See Hancock v. Chi. Title Ins. Co.*, 263 F.R.D 383, 390 (N.D. Tex. 2009) (finding that the predominance requirement of Rule 23(b)(3) was not met where individualized issues would require mini-trials and there was no class-wide proof available).

### b.  **Plaintiff's Class Allegations Should Be Dismissed Because He Cannot Satisfy the Adequacy and Typicality Requirements of Rule 23(a).**

Plaintiff also fails to satisfy Rule 23's adequacy and typicality requirements. "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hirsch*, 337 F.R.D. at 133 (quoting *Bridge v. Credit One Fin.*, 294 F. Supp. 3d 1019, 1034 (D. Nev. 2018)). Thus, "class certification should not be granted

if there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it." *Id.* (internal quotation marks omitted). While typicality does not require the complete identicality of claims, "the critical inquiry is whether the class representative's claims have the same essential characteristics as that of the putative class." *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002) (internal quotation marks omitted).

Here, as discussed *supra*, Plaintiff denies requesting information from Modernize, being a customer of Modernize, or providing his consent to be contacted. *See* ECF No. 1, ¶¶ 24, 29-30. However, Modernize's investigation into Plaintiff's allegations revealed that on October 3, 2025, Plaintiff's personal information—including first and last name, phone number, email address, and physical address—was provided to Modernize via an online inquiry along with the provision of prior express written consent to call the 0982 Number. *See* Hicks Decl. ¶¶ 8-10. Even the IP address associated with Plaintiff's submission matches Plaintiff's city and state of residence. *Id.*, ¶ 9. Additionally, Plaintiff claims that he continued to receive calls from Modernize after making a do-not-call request, but this too is contradicted by Modernize's investigation, which shows he received no further calls from Modernize after making a request to not be contacted during the December 3, 2025 call. *Id.*, ¶¶ 12-13. This mismatch between Plaintiff's claims and the evidence in Modernize's possession creates the groundwork for litigation over multiple defenses unique to Plaintiff individually. Further, Plaintiff's allegations that he called Modernize's number back and was prompted to enter the phone number he submitted with his initial inquiry but chose not also creates issues specific to Plaintiff, as Modernizes records show that Plaintiff did submit his phone number in his initial inquiry but chose not to enter it when he apparently called Modernize's number to test whether he could make a do-not-call request. *See* ECF No. 1, ¶¶ 45-46; Hicks Decl. ¶ 9.

14

As Plaintiff's unique circumstances make him an atypical and inadequate class representative, his class claims should be stricken.

## II.    PLAINTIFF'S THIRD CAUSE OF ACTION SHOULD BE DISMISSED AS THERE IS NO PRIVATE RIGHT OF ACTION FOR ALLEGED VIOLATIONS OF 47 C.F.R. SECTION 64.1601(E).

The Complaint purports to assert a claim under Section 227(c)(5) of the TCPA for violation of the Caller ID requirements of Section 64.1601(e). However, Section 227(c)(5) only applies to violations of the regulations promulgated by the FCC under Section 227(c), which granted the FCC only limited authority to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object" "*[w]ithin 120 days after December 20, 1991*." 47 U.S.C. § 227(c)(1) (emphasis added). The FCC was required to conclude this rulemaking proceeding and "prescribe regulations to implement methods and procedures for protecting the privacy rights described [above]" "*not later than 9 months after December 20, 1991*." 47 U.S.C. § 227(c)(2). The FCC held its rulemaking proceeding as prescribed by Section 227(c), which concluded when the FCC issued its rules on October 16, 1992. *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, Report and Order, 7 F.C.C. Rcd. 8752 (1992); *see also* Notice of Proposed Rulemaking, 7 FCC Rcd. 2736, CG Docket No. 92-90 (1992). The Caller ID regulations were not promulgated by the FCC until a decade later, on July 25, 2003, under the Do-Not-Call Implementation Act. *See Rules and Regulations Implementing the Telephone Consumer Protection Act (TCPA) of 1991*, 68 FR 44144- 01, CG Docket No. 02-278, FCC 03-153, 2003 WL 21713245. While the FCC did not specify the particular statutory provision under which Section 64.1601(e) was promulgated, it is clear from this operation of time that the rulemaking is not within the

purview of Section 227(c) or the FCC's grant of authority thereunder. As such, the Caller ID regulations cannot be enforced by the private right of action under Section 227(c)(5).

Indeed, several courts have found that the Section 64.1601(e) regulations constitute technical and procedural standards promulgated under Section 227(d) of the TCPA, for which there is no private right of action. *See Worsham v. Travel Options, Inc.*, 2016 WL 4592373, at *4 (D. Md. Sept. 2, 2016), *aff'd*, 678 F. App'x 165 (4th Cir. 2017) (holding that "[a]ny violation of [Section] 64.1601(e) is a violation of technical and procedural standards [promulgated] under subsection d [of the TCPA, 47 U.S.C. § 227 et seq.], and . . . no private right of action exists under [Section 227(d)] of the TCPA."); *Dobronski v. Transamerica Life Ins. Co*., 347 Mich. App. 92, 112, 114-115 (2023) ("[The Caller ID] regulation was likely promulgated under 47 USC 227(d), which similarly has technical requirements that support substantive protections found in other parts of the TCPA. This is how most courts have read 47 CFR 64.1601(e) in similar cases."); *Dobronski v. Tobias & Assocs*., 2023 WL 7005844, at *8 (E.D. Mich. Sept. 25, 2023), R&R adopted in part sub nom. 2024 WL 1174553 (E.D. Mich. Mar. 18, 2024) (same, relying on *Worsham* and *Transamerica Life*); *see also Meyer v. Cap. All. Grp.*, 2017 WL 5138316, at *15 (S.D. Cal. Nov. 6, 2017) (granting motion to dismiss Caller ID claims because "47 C.F.R. § 64.1601(e) do[es] not provide for a private right of action"); *McDermet v. DirecTV, LLC*, 2021 WL 217336, at *13 (D. Mass. Jan. 21, 2021) (intimating that it is unlikely that Section 64.1601(e) provides a private right of action).

In short, Section 227(c)(5) can only be used to enforce FCC regulations implemented under Section 227(c) of the TCPA in 1992. The Caller ID regulations issued in 2003, under an entirely separate rulemaking, are not "regulations prescribed under this subsection [(i.e., Section 227(c))],"

16

as required for a Section 227(c)(5) claim. 47 U.S.C. §227(c)(5). As such, Plaintiff's Caller ID claim should be dismissed.

## <u>CONCLUSION</u>

Based on the foregoing, Modernize respectfully requests that the Court dismiss Plaintiff's Caller ID claim and strike Plaintiff's uncertifiable class allegations.

Dated: March 5, 2026

By:    */s/ Elizabeth B. Chun*
Elizabeth B. Chun (Texas Bar No. 24082700)
**KELLEY DRYE & WARREN LLP**
515 Post Oak Blvd.
Suite 900
Houston, TX 77027
Tel.: (713) 355-5000
Fax: (713) 355-5001
bchun@kelleydrye.com

James B. Saylor (*pro hac vice* forthcoming)
Bryce T. Brenda (*pro hac vice* forthcoming)
**KELLEY DRYE & WARREN LLP**
3 World Trade Center
175 Greenwich St.
New York, NY 10007
Tel.: (212) 808-7800
Fax: (212) 808-7897
jsaylor@kelleydrye.com
wsmith@kelleydrye.com
bbrenda@kelleydrye.com

*Counsel for Defendant Modernize, Inc.*

## CERTIFICATION OF CONFERENCE

On March 4, counsel for Modernize conferred with Plaintiff's counsel by videoconference regarding this motion. Plaintiff is opposed to the relief requested herein.

*/s/ Elizabeth B. Chun*
Elizabeth B. Chun

## CERTIFICATION OF SERVICE

I hereby certify that on March 5, 2026, the foregoing document was filed with the Court through the CM/ECF system and a copy thereof was served via the CM/ECF system upon all counsel of record.

*/s/ Elizabeth B. Chun*
Elizabeth B. Chun